IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MIDWEST TAPE, LL,

                Plaintiff,                Case No. 3:09 CV 2176

-vs-

                                                   MEMORANDUM OPINION

RECORDED BOOKS, LLC,

                Defendant.

KATZ, J.

    This matter is now before the Court on the motion (Doc. 13) of the defendant, Recorded Books, LLC, to dismiss the Complaint for failure to state a claim on which relief may be granted. The motion will be denied.

    The Federal Rules of Civil Procedure establish a regime of notice pleading. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560-563 (2007). Under Fed. R. Civ. P. 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Stated differently, the claims in a complaint must include a factual predicate, and that factual predicate must plausibly indicate the defendant's liability. But the factual allegations in the complaint need not be detailed, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and there is no requirement that the complaint spell out exactly how the factual allegations indicate the defendant's liability. See 2 Moore's Federal Practice § 12.34[1][b] (Matthew Bender 3d ed.2009) (Court must "construe a plaintiff's allegation liberally" and "draw[] all reasonable inferences in plaintiff's favor.").

    Therefore, the Court's task at the pleading stage is not to undertake an exhaustive analysis of the legal validity of the claims in the suit or attempt to "match[] facts against legal elements". *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994).

Instead, the ultimate inquiry is whether the complaint is sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 596).

Upon review, the Court finds that the Complaint in this case adequately sets forth a factual predicate for its claims under the Lanham Act, the Ohio Deceptive Trade Practices Act, and common-law unfair competition. The allegations in the Complaint are also adequate to show the plaintiff's standing to bring these claims. Moreover, because the Complaint seeks declaratory judgment, the plaintiff may assert copyright misuse as an affirmative claim. See *Eva v. Midwest Nat'l Mortgage Bank, Inc.*, 143 F. Supp. 2d 862, 895 (N.D. Ohio 2001) ("As a general proposition, most matters of defense can be raised affirmatively in a declaratory judgment action, so long as there is an actual controversy.").

Therefore, the motion to dismiss (Doc. 13) is denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE